IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE LAW OFFICE OF JOSEPH D. GLAZER, P.C., <br> 116 Village Boulevard, Suite 200 <br> Princeton, NJ 08540, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br> 200 Independence Ave, S.W. <br> Washington, D.C., 20201, <br><br> CENTERS FOR MEDICARE AND MEDICAID SERVICES, <br> 7500 Security Boulevard <br> Baltimore, MD 21244, <br><br> Defendants. | Civil Action No. 1:15-cv-423 <br><br><br> **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

The Law Office of Joseph D. Glazer, P.C. (the "Law Firm") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff seeks records from matters that were before the Provider Reimbursement Review Board ("PRRB"). The PRRB is a Board appointed by the Secretary of the United States Department of Health and Human Services ("HHS").

Plaintiff is entitled to the disclosure of the records it seeks. Defendants have failed to respond to Plaintiff's FOIA request and improperly withheld the requested records.

## JURISDICTION AND VENUE

1. This Court has both subject matter over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over the parties pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a) and 2202. Venue lies in this judicial district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

2. Plaintiff is a law firm incorporated in the State of New Jersey, with its place of business at 116 Village Boulevard, Suite 200, Princeton, New Jersey 08540.

3. Defendant HHS is a Department of the Executive Branch of the United States Government and an agency within the meaning of 5 U.S.C. § 552(f). The headquarters of HHS is at 200 Independence Avenue, S.W., Washington, D.C. 20201.

4. Defendant Centers for Medicare & Medicaid Services ("CMS") is an agency within HHS and is an agency within the meaning of 5 U.S.C. § 552(f). CMS is responsible for overseeing the Medicare and Medicaid programs. The headquarters of CMS is at 7500 Security Boulevard, Baltimore, Maryland 21244.

## THE PRRB APPEAL PROCESS

5. Part A of the Medicare Act, 42 U.S.C. §§ 1395c-1395i-4, provides payment for "inpatient hospital services" furnished by participating "providers of services," including short-term, acute care hospitals. 42 U.S.C. § 1395d(a)(1).

6. Medicare payments to hospitals are determined by Medicare Administrative Contractors ("MACs") that contract with CMS.

7. After the close of a hospital fiscal year, a MAC analyzes a cost report prepared by the hospital and issues a Notice of Program Reimbursement ("NPR") that notifies the hospital of the MAC's final determination of the hospital's Medicare reimbursement for the fiscal year.

8. The PRRB is an administrative tribunal appointed by the Secretary. 42 U.S.C. § 1395oo(h).

9. A hospital may appeal to the PRRB if the hospital is dissatisfied with a MAC's determination as to the amount of Medicare payment due the hospital for a cost reporting period. 42 U.S.C. § 1395oo(a); 42 C.F.R. § 405.1835.

10. The decision of the PRRB is subject to review by the Administrator of CMS pursuant to delegation of authority by the Secretary to the Administrator. *See* 42 U.S.C. § 1395oo(f); 42 C.F.R. § 405.1875.

11. The Secretary's final decision, as set forth either in the decision of the PRRB or of the CMS Administrator, may be reviewed in a civil action before this Court. 42 U.S.C. § 1395oo(f).

12. The PRRB "must maintain a complete record of all proceedings in each appeal." 42 C.F.R. § 405.1865(a)(1).

## THE FOIA REQUESTS

13. By letter dated September 24, 2014, addressed to CMS FOIA Office, Centers for Medicare & Medicaid Services, Mailstop N2-20-16, 7500 Security Boulevard,

Baltimore, MD 21244, Plaintiff requested certain documents filed by hospitals in cases in which the PRRB had recently issued decisions. That letter was sent by email to Defendants at the following email address: FOIA_Request@cms.hhs.gov.

14. No response has been received by Plaintiff.

15. By letter dated October 16, 2014, addressed to CMS FOIA Office, Centers for Medicare & Medicaid Services, Mailstop N2-20-16, 7500 Security Boulevard, Baltimore, MD 21244, Plaintiff re-sent the September 24, 2014 FOIA request to Defendants at the following email address: FOIA_Request@cms.hhs.gov. The letter was also sent by certified mail.

16. By letter dated November 21, 2014, Plaintiff again requested the same documents that were specified in the requests noted above. The letter was sent by certified mail to the following addresses:

> Department of Health and Human Services FOIA Office
> Freedom of Information Officer
> Mary E. Switzer Building
> Room 2221
> 330 C Street, SW
> Washington, D.C. 20201
>
> CMS FOIA Officer
> Centers for Medicare & Medicaid Services
> Mailstop N2-20-16
> 7500 Security Boulevard
> Baltimore, MD 21244
>
> Provider Reimbursement Review Board
> 2520 Lord Baltimore Drive, Suite L
> Baltimore, MD 21244

4

17. As of the date of this Complaint, Defendants have not provided any documents responsive to Plaintiff's FOIA request or demonstrated that responsive documents are exempt from production. Defendants have not indicated whether or when any responsive documents will be produced. In fact, Defendants have failed to respond to the requests in any manner.

18. It is the policy of the PRRB and Defendants to release the types of records requested by Plaintiff when those records relate to appeals that are "closed." A closed PRRB appeal is an appeal for which the PRRB has issued a decision, an appeal that has been dismissed by the PRRB, an appeal that has been withdrawn by a provider, or an appeal that otherwise is no longer pending before the PRRB.

19. Because Defendants failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to the FOIA requests, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

20. Plaintiff re-alleges paragraphs 1 through 19 as if fully stated herein.

21. Defendants have failed to comply with the time limits for processing Plaintiff's FOIA request and are otherwise unlawfully withholding records requested by Plaintiff.

22. By failing to provide to Plaintiff the requested records, Defendants violated the FOIA.

23. Plaintiff is being irreparably harmed by Defendants' unlawfully withholding the requested records, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform their conduct to the requirements of law.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) Order Defendants to provide immediately to Plaintiff all records responsive to Plaintiff's FOIA request;

(2) Grant Plaintiff its costs and attorneys' fees in this action; and

(3) Grant such other relief as the Court deems just and proper.


Dated: March 23, 2015

Respectfully submitted,

/s/ Joseph D. Glazer
Joseph D. Glazer (D.C. Bar No. 1007072)

**THE LAW OFFICE OF JOSEPH D. GLAZER, P.C.**
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540
Telephone: (609) 951-2262
Facsimile: (609) 951-2263
jdg@jdglazerlaw.com
Counsel for Plaintiff